SCHIFF HARDIN LLP
GEORGE C. YU (CSB #193881)
gyu@schiffhardin.com
DUANE H. MATHIOWETZ (CSB #111831)
dmathiowetz@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701

ASHE, P.C.
OLIVER R. ASHE, JR. (*Pro Hac Vice* pending)
11440 Isaac Newton Square North, Ste. 210
Reston, VA  20190
Telephone:   (703) 467-9001
Facsimile:    (703) 467-9002

Attorneys for Plaintiff
IPDEV Co.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPDEV CO.,<br><br>                 Plaintiff,<br><br>        v.<br><br>AMERANTH, INC.,<br><br>                 Defendant. | CASE NO. **'14CV1303 GPC JLB**<br><br>**COMPLAINT FOR DETERMINATION OF PRIORITY OF INVENTION AMONG INTERFERING PATENTS UNDER 35 U.S.C. § 291 (PRE-AIA)**<br><br>Complaint Filed:  May 27, 2014 |

Plaintiff IPDEV Co. ("IPDEV") files this Complaint against Defendant Ameranth, Inc. ("Ameranth") to seek an adjudication of priority of invention under 35 U.S.C. § 291 (pre-America Invents Act ("AIA")) of U.S. Patent Nos. 8,738,449 (the "IPDEV '449 patent") and 5,991,739 (the "'739 patent"), assigned to IPDEV, over U.S. Patent Nos. 6,384,850 (the "Ameranth '850 patent"), 6,871,325 (the "Ameranth '325 patent"), and 8,146,077 (the "Ameranth '077 patent"; collectively, the "Ameranth patents"), which on information and belief, are assigned to Ameranth.

## PARTIES

1. Plaintiff IPDEV is an Illinois corporation located at 414 North Orleans Street Suite 501, Chicago, IL 60654-4498. IPDEV owns certain intellectual property assets, including the IPDEV patents. IPDEV is an affiliated company of QuikOrder, Inc. ("QuikOrder").

2. On information and belief, Defendant Ameranth is a Delaware corporation with a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, CA 92121-3744. Ameranth is listed as the assignee of the Ameranth patents.

## JURISDICTION AND VENUE

3. This is an interfering patents action arising under 35 U.S.C. § 291 (pre-AIA). This Court has subject matter jurisdiction over this action under 35 U.S.C. § 291 and 28 U.S.C. §§ 1391(b) and (c).

4. This Court has personal jurisdiction over Ameranth. Ameranth has its principal place of business within this judicial district and has engaged in substantial business activities within this judicial district. Ameranth is also the plaintiff in a number of patent infringement actions in this district in which Ameranth has alleged infringement of the Ameranth patents, for example the consolidated action styled *Ameranth, Inc. v. Pizza Hut, Inc., et al.*, case number 3:11-cv-01810-DMS-WVG ("the Ameranth patent infringement litigations").

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE AMERANTH PATENT INFRINGEMENT LITIGATIONS

6. On August 15, 2011, Ameranth filed a complaint alleging infringement of the Ameranth '850 and '325 patents in this Judicial District, case number 3:11-cv-1810, against a number of defendants, including QuikOrder.

7. On March 27, 2012, Ameranth filed a complaint in this Judicial District alleging infringement of the Ameranth '077 patent against Pizza Hut of America, Inc., Pizza Hut, Inc., and QuikOrder, case number 3:12-cv-00742-DMS-WVG. This action, along with other patent infringement actions, was consolidated in the 3:11-cv-1810 action for pre-trial purposes.

8. IPDEV, while an affiliate of QuikOrder, is not a party to the Ameranth patent infringement litigations.

## THE INTERFERING PATENTS

### The IPDEV Patents

9. On November 24, 1997, Bryan Cupps and Tim Glass filed U.S. Patent Application serial number 08/976,793 (the "'793 application"). The '793 application issued on November 23, 1999 as the '739 patent. Thus, Cupps and Glass conceived and reduced to practice the invention claimed in the '739 patent, which is entitled "Internet Online Order Apparatus and Method," by no later than November 24, 1997.

10. On March 31, 1999, U.S. Patent Application serial number 09/282,645 (the "'645 application") was filed as a continuation of the '793 application.

11. On August 22, 2012, U.S. Patent Application serial number 13/592,199 (the "'199 application") was filed as a continuation of the '645 application. Thus, the '199 application also claims an effective filing date of November 24, 1997. The '199 application issued on May 27, 2014 as the IPDEV '449 patent, which is also entitled "Internet Online Order Method and Apparatus." The IPDEV '449 patent is attached as Exhibit A to this Complaint.

### The Ameranth Patents

12. On information and belief, the Ameranth '850 patent, which is attached as Exhibit B to this Complaint, issued from U.S. Patent Application serial number 09/400,413 (the "'413 application"), which was filed on September 21, 1999.

13. On information and belief, the Ameranth '325 patent, which is attached as Exhibit C to this Complaint, issued from U.S. Patent Application serial number 10/015,729 (the "'729 application") and is a continuation of the '413 application. Thus, the Ameranth '325 patent is entitled to an effective filing date no earlier than September 21, 1999.

14. On information and belief, on or about November 16, 2004, in response to a rejection of the then-pending claims of the '729 application for obviousness-type double patenting, the applicants of the '729 application disclaimed the part of the patent term for any patent that would issue from the '729 application that would extend beyond the expiration date of the term for the Ameranth '850 patent.

15. On information and belief, the Ameranth '077 patent, which is attached as Exhibit D to this Complaint, issued from U.S. Patent Application serial number 11/112, 990 (the "'990 application") and claims priority to a series of continuations to the '413 application. Thus, the Ameranth '077 patent is entitled to an effective filing date no earlier than September 21, 1999.

16. On information and belief, on or about August 29, 2008, in response to a rejection of the then-pending claims of the '990 application for obviousness-type double patenting, the applicants of the '990 application disclaimed the part of the patent term for any patent that would issue from the '990 application that would extend beyond the expiration date of the term for the Ameranth '850 patent.

**INTERFERENCE-IN-FACT**

17. During the prosecution of IPDEV's '199 applications, the applicants amended the claims by copying claims 1-18 of the Ameranth '077 patent and added claims 19-21. The applicants specifically indicated in a preliminary statement during the prosecution that they had copied the claims from the Ameranth '077 patent pursuant to 35 U.S.C. § 135(b).

18. During prosecution of the '199 application, applicants made minor amendments to claims 1-21 in response to an indefiniteness rejection under 35 U.S.C. § 112(b).

19. The following is a comparison of claim 1 of the Ameranth '077 patent with claim 1 of the IPDEV '449 patent. Deletions from the text of claim 1 of the Ameranth '077 patent in the IPDEV '449 patent are indicated by a strikethrough, and additions are indicated by underlining:

> 1. An information management and real time synchronous communications system for configuring and transmitting hospitality menus comprising:

1     a. a central processing unit,

2     b. a data storage device connected to said central processing unit,

3     c. an operating system including a first graphical user interface,

4     d. a master menu including at least menu categories, menu items and

5  modifiers, wherein said master menu is capable of being stored on said data

6  storage device pursuant to a master menu file structure and said master menu is

7  capable of being configured for display to facilitate user operations in at least one

8  window of said first graphical user interface as cascaded sets of linked graphical

9  user interface screens, and

10     e. menu configuration software enabled to generate a programmed

11  handheld menu configuration from said master menu for wireless transmission to

12  and programmed for display on a wireless handheld computing device, said

13  programmed handheld menu configuration comprising at least menu categories,

14  menu items and modifiers and wherein the menu configuration software is

15  enabled to generate said programmed handheld menu configuration by utilizing

16  parameters from the master menu file structure defining at least the menu

17  categories, menu items and modifiers of the master menu such that at least the

18  menu categories, menu items and modifiers comprising the programmed handheld

19  menu configuration are synchronized in real time with analogous information

20  comprising the master menu,

21     wherein the menu configuration software is further enabled to generate the

22  programmed handheld menu configuration in conformity with a customized

23  display layout unique to the wireless handheld computing device to facilitate user

24  operations with and display of the programmed handheld menu configuration on

25  the display screen of a handheld graphical user interface integral with the wireless

26  handheld computing device, wherein said customized display layout is compatible

27  with the displayable size of the handheld graphical user interface wherein the

28  programmed handheld menu configuration is configured by the menu

1  configuration software for display as programmed cascaded sets of linked
2  graphical user interface screens appropriate for the customized display layout of
3  the wireless handheld computing device, wherein said programmed cascaded sets
4  of linked graphical user interface screens for display of the handheld menu
5  configuration are configured differently from the cascaded sets of linked graphical
6  user interface screens for display of the master menu on said first graphical user
7  interface, and

8  wherein the system is enabled for real time synchronous communications
9  to and from the wireless handheld computing device utilizing the programmed
10 handheld menu configuration including the capability of real time synchronous
11 transmission of the programmed handheld menu configuration to the wireless
12 handheld computing device and real time synchronous transmissions of selections
13 made from the handheld menu configuration on the wireless handheld computing
14 device, and

15 wherein the system is further enabled to automatically format the
16 programmed handheld menu configuration for display as cascaded sets of linked
17 graphical user interface screens appropriate for a customized display layout of at
18 least two different wireless handheld computing device display sizes ~~in the same~~
19 connected <u>to the</u> system, and

20 wherein a cascaded set of linked graphical user interface screens for a
21 wireless handheld computing device in the system includes a different number of
22 user interface screens from at least one other wireless handheld computing device
23 in the system.

24  20.  On information and belief, claims 1-18 of the Ameranth '077 patent encompass the
25 same or substantially the same subject matter as claims 1-18 of the IPDEV '449 patent.

26  21.  Consequently, there exists an interference-in-fact between one or more claims of
27 the Ameranth '077 patent and one or more claims of the IPDEV '449 patent (and, hence, the
28 IPDEV '449 patent) and vice-versa.

22. On information and belief, the claims of the Ameranth '850 patent comprise obvious variants of the claims of the Ameranth '077 patent (and, hence, the IPDEV '449 patent) and vice-versa.

23. Consequently, there exists an interference-in-fact between one or more claims of the Ameranth '850 patent and one or more claims of the IPDEV '449 patent.

24. On information and belief, the claims of the Ameranth '325 patent likewise comprise obvious variants of the claims of the Ameranth '077 patent.

25. Consequently, there exists an interference-in-fact between one or more claims of the Ameranth '325 patent and one or more claims of the IPDEV '449 patent.

26. The IPDEV '449 patent has an earlier effective filing date (November 24, 1997) than the purported effective filing date for the Ameranth patents (September 21, 1999). Under the Regulations that govern interference practice at the United States Patent and Trademark Office, the party with the earlier filing date is designated the "Senior Party" and is presumed to be the first to invent. 37 C.F.R. § 41.207(a)(1) ("Order of invention. Parties are presumed to have invented interfering subject matter in the order of the dates of their accorded benefit for each count."); 37 C.F.R. § 41.201 (". . . Senior party means the party entitled to the presumption under § 41.207(a)(1) that it is the prior inventor. Any other party is a junior party. . . ."). Accordingly, IPDEV is the Senior Party and Ameranth is the Junior Party for the purposes of this interfering patents action.

27. Because the IPDEV '449 patent has priority of invention over the Ameranth patents, all claims of the Ameranth patents that interfere with the claims of the IPDEV '449 patent are invalid under 35 U.S.C. § 102(g) (pre-AIA).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the IPDEV '449 patent has priority of invention over the Ameranth '850, '325, and '077 patents.

B. That, because the IPDEV '449 patent has priority of invention over the claims of the Ameranth '850, '325, and '077 patents, the interfering claims of the Ameranth '850, '325, and

1  '077 patents are invalid.

2      C.    That the Court deem the case exceptional and award attorney fees in favor of

3  IPDEV.

4      D.    Such other and further relief as the Court deems just and proper.

6  Dated: May 27, 2014                        SCHIFF HARDIN LLP

8                                              By: */s/ George C. Yu*

9                                                    George C. Yu

10                                             Attorneys for Plaintiff
                                            IPDEV Co.

13 27502-0065
SF\321020987.1