UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPDEV CO.,<br><br>                             Plaintiff,<br>v.<br>AMERANTH, INC.,<br>                            Defendant. | Case No.:  14cv1303 DMS (WVG)<br><br>**ORDER DENYING AMERANTH'S MOTION FOR SUMMARY ADJUDICATION OF UNENFORCEABILITY OF '449 PATENT FOR INEQUITABLE CONDUCT IN ITS PROSECUTION** |
| AMERANTH, INC.,<br>                           Counter Claimant,<br>v.<br>IPDEV CO.,<br>                           Counter Defendant. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This case returns to the Court on Ameranth's second motion for summary adjudication of unenforceability of the '449 Patent, this time for inequitable conduct during its prosecution.[1] IPDEV filed an opposition to the motion, and Ameranth filed a reply.

Ameranth asserts four theories to support the present motion. First, it asserts IPDEV committed inequitable conduct when it failed to disclose to the PTO certain information from the CBM proceedings on the '077 Patent. Second, Ameranth argues IPDEV committed inequitable conduct when it failed to disclose to the PTO certain legal theories from these consolidated proceedings. Ameranth next claims IPDEV committed inequitable conduct when it failed to disclose to the PTO certain claim term constructions from the Ameranth litigation in the Eastern District of Texas. Finally, Ameranth contends IPDEV committed inequitable conduct when it failed to disclose to the PTO that the claims of the '077 Patent were allowed over the Cupps '739 Patent.

As set out in the Court's order denying Ameranth's first motion, the standards for granting summary judgment of inequitable conduct are exacting. The moving party must show by clear and convincing evidence that the person accused of inequitable conduct had the specific intent to deceive the PTO and that the PTO would not have issued the patent had it been aware of the undisclosed information. Here, as in the first motion, Ameranth cites to numerous pieces of evidence to support its arguments, including the ethical wall put in place at Perkins Coie.[2] Ameranth implies that ethical wall "demonstrates an intent to deceive the PTO and supports a finding of inequitable conduct rendering the '449 Patent unenforceable." (Mem. of P. & A. in Supp. of Mot. at 11.) However, IPDEV offers an equally plausible inference from the ethical wall, which is that Perkins Coie was simply trying "to preclude exchange of information between attorneys representing Starbucks and

---

[1] Ameranth's first motion for summary adjudication of unenforceability of the '449 Patent was based on inequitable conduct in the prosecution of another patent, the '739 Patent, and another patent application, the '645 Application.

[2] Perkins Coie represented IPDEV in the prosecution of the '449 Patent and also represents Starbucks in these consolidated proceedings.

IPDEV[.]" (Opp'n to Mot. at 11.)  Much of the other evidence Ameranth relies on is likewise susceptible to more than one reasonable inference, which precludes summary judgment in Ameranth's favor.  Accordingly, Ameranth's motion for summary adjudication of unenforceability of the '449 Patent based on inequitable conduct during its prosecution is denied.

**IT IS SO ORDERED**.

Dated:  November 16, 2017

Hon. Dana M. Sabraw
United States District Judge